UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EDWARD MENKE, | No. 2:15-cv-1524-JAM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FELICIA PONCE, | |
| Respondent. | |

Petitioner is a federal prisoner without counsel proceeding on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is incarcerated at the Federal Correctional Institution in Herlong, California. In 1996, he was sentenced by the United States District Court, District of Oregon, to 25 years in prison for his conviction of being a felon in possession of a firearm and as being an Armed Career Criminal within the meaning of the Armed Career Criminal Act. *See* ECF No. 1 at 11.[1] Thereafter, petitioner filed two motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Id.* at 11-12. Both motions were denied. *Id.* Thereafter, petitioner filed this action under 28 U.S.C. § 2241. As discussed below, it must be dismissed for lack of jurisdiction.

/////

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

This action challenges the validity of petitioner's conviction and sentence under the Armed Career Criminal Act. Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced, rather than under 28 U.S.C. § 2241 in the court for the district in which the petitioner is confined. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) ("[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). This general rule has one exception. Under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court, so long as his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28 U.S.C. § 2255(e). "[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."[2] *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* The Ninth Circuit has clarified that "a purely legal claim has nothing to do with factual innocence [and thus,] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

Here, petitioner argues that under recent changes in the law, his convictions of third degree reckless assault and first degree burglary no longer qualify as predicate offenses under the Armed Career Criminal Act. ECF No. 1 at 10-19. He does not make a factual showing that he

---

[2] "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal citations and quotations omitted).

did not commit the offenses for which he was convicted.  He simply presents the purely legal claim that he was incorrectly treated as a career offender because two of his prior convictions should not have been relied upon to make the career offender determination.  This "is a purely legal claim that has nothing to do with factual innocence," and "it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *see also Turner v. Milusnic*, No. CV 14-00746-MAN, 2014 U.S. Dist. LEXIS 127095, at *24-25 (C.D. Cal. Sept. 10, 2014) (claim that prior convictions could not serve as predicate offenses under the Armed Career Criminal Act is not cognizable under § 2241 pursuant to the § 2255 escape hatch, citing *Marrero*).  For this reason, petitioner has not satisfied the escape hatch of § 2255, and may not proceed under § 2241.  The petition must be construed as another or successive § 2255 petition, *see Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001), and must be dismissed for lack of jurisdiction, *Harrison*, 519 F.3d at 957 (jurisdiction over a motion under § 2255 lies only in the sentencing court).

Accordingly, it is hereby RECOMMENDED that this action be dismissed for lack of jurisdiction and that all outstanding motions be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

/////

/////

/////

Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 2, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE